UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSIAH JOHNSON, <br> JENNIFER JOHNSON, <br>                Plaintiffs, <br>      v. <br> JEREMIAH JOHNSON, <br> THE ALTAR GLOBAL, INC, <br> PAUL JOHNSON, <br> PAUL T. JOHNSON MINISTRIES, <br>                Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:25-cv-00658-TWP-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ENTRY ON JURISDICTION**

      This action was recently transferred to this Court from the Northern District of Texas (Filing No. 16; Filing No. 17). It has now come to the Court's attention that Plaintiffs Josiah Johnson ("Josiah") and Jennifer Johnson's ("Jennifer") (together, "Plaintiffs") Amended Complaint fails to allege all of the facts necessary to determine whether this federal Court has subject matter jurisdiction over this case. The Amended Complaint alleges federal jurisdiction based upon diversity of citizenship. However, the Amended Complaint fails to sufficiently allege the citizenship of the parties.

      Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). For diversity jurisdiction purposes, the citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, No. 11-cv-706, 2011 WL 6003124, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the notice of

removal must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

The Amended Complaint, which is the operative pleading, alleges that Josiah and Jennifer are "U.S. citizen[s] currently residing in Tarrant county, Texas." (Filing No. 14 ¶¶ 2–3). The Amended Complaint also alleges that Defendant Jeremiah Johnson "can be served at his residence, at 6980 Mooresville Rd. Kannapolis North Carolina," and that Defendant Paul Johnson "can be served at his residence, at 2288 Lingerman Ct. Avon, Indiana." *Id.* ¶¶ 4, 6. These allegations fail to sufficiently allege the citizenship of any of the individual parties because they allege those individuals' residences, and not their states of citizenship. *Meyerson*, 299 F.3d at 617.

The Amended Complaint further alleges, "Defendant The Altar Global Inc. is a religious nonprofit designated as a tax exempt 501(c)(3) organization at 2705 Moose Rd, Kannapolis, NC." and "Defendant Paul T. Johnson Ministries is a religious nonprofit claiming to be a tax exempt 501(c)(3) organization located at 10748 Cyrus Dr, Indianapolis, IN." (Filing No. 14 ¶¶ 5, 7). These allegations fail to sufficiently allege the citizenship of The Altar Global Inc. and Paul T. Johnson Ministries because they fail to identify what type of entity Paul T. Johnson Ministries is, and, assuming both defendant entities are corporations, they fail to allege the corporations' principal places of business and states of incorporation. *Kerr-McGee Chemical*, 677 F.2d at 578 n.13.

The Court is not being hyper-technical: counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776

F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

As the party asking this Court to invoke its jurisdiction, Plaintiffs must properly allege the citizenship of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, Plaintiffs are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED**.

Date: 4/7/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kathryn Wilburn Drey
Gaines Goodspeed & Juba/My Church Law Firm
2201 Sprinks Road
Flower Mound, TX 75022

Dustin Tyler Gaines
Gaines Goodspeed & Juba PC
2201 Spinks Road
Suite 208
Flower Mound, TX 75022

Warren V Norred
Norred Law PLLC
515 E Border Street
Arlington, TX 76010