UNITED STATES DISTRICT COURT
Southern District of Indiana
Indianapolis Division

| | |
|---|---|
| JOSIAH JOHNSON, § <br> JENNIFER JOHNSON, § <br>  § <br> Plaintiffs, § <br>  § <br> v. § <br>  § <br> JEREMIAH JOHNSON, THE ALTAR § <br> GLOBAL, INC., PAUL JOHNSON, § <br> PAUL T. JOHNSON MINISTRIES, § <br>  § <br> Defendants. § | Case No.: 1:25-cv-00658-TWP-MG |

_____

**<u>Motion of Kathryn W. Drey, Esq., to Appear <i>Pro Hac Vice</i> on Behalf of Defendants</u>**

COMES Now Kathryn W. Drey, Esq., of the law firm of Gaines, Goodspeed and Juba, PC, and, pursuant to Southern District of Indiana Local Rule 83-6 files this Motion to Appear *Pro Hace Vice* on behalf of Defendants, Paul T. Johnson, Paul T. Johnson Ministries, Jeremiah Johnson, and The Alter Global, showing onto the Court as follows:

1. I am and have been a member in good standing of the bar of the State of Alabama since September 27, 1996 (Alabama Bar No. 9515E59K) and the State of Florida since July 27, 1998 (Florida Bar No. 142492).

2. I am admitted to practice before courts in the states of Alabama and Florida. I am also admitted to practice before the United States District Court for the Southern District of Florida .

1

3. I am not and have never been disbarred or suspended from practice before any court, department, bureau or commission of any state or the United States. I have never received a reprimand or been subject to other disciplinary action from any such court, department, bureau, or the Florida Bar Commission (or any Commission other than Alabama) pertaining to conduct or fitness as a member of the bar. I received a private reprimand from the Alabama State Bar because, while I was an Assistant United States Attorney for the Northern District of Florida in February 2020, I recommended the award of title search contracts to be used in the defense of foreclosure actions to a Florida title company owned by a client of my husband's Alabama law firm without first getting a written waiver of the alleged federal government conflict of interest. Since my husband did not represent the client in Florida and was not licensed in Florida, I did not believe a waiver was required and my supervisor, who was aware of the association between my husband and his client before the contracts were awarded, also did not advise that I needed a waiver. The government was not injured (and, in fact, admits that it saved more than $40,000 over the next lowest bidder). However, the federal conflict of interest statute is interpreted as a strict liability statute in the Eleventh Circuit. I timely reported the circumstances to both the Alabama and Florida Bars. Florida has not issued any kind of discipline; Alabama, after a full investigation, issued a private reprimand. There are/were extenuating circumstances, particularly the DOJ knew about the alleged conflict of interest for years and continued to direct me to oversee the title search contract while

knowing that there was no written waiver of any alleged conflict of interest. However, the DOJ did not raise any issue regarding the lack of a written waiver until after I became a whistleblower regarding unethical and/or unlawful conduct in the USAO-NDFL. Nonetheless, I continued to receive outstanding performance evaluations, including ethics, and continued to serve as an Assistant United States Attorney, including, at various times as Civil Chief and Civil Fraud Coordinator, for years after the DOJ became aware of the lack of a written waiver for the alleged conflict of interest. During my entire tenure at the DOJ, I never received any performance evaluation less than outstanding or was disciplined for this or any other alleged misconduct. I refer to the conduct as an "alleged" conflict of interest because 1) there has always been substantial legal doubt that my conduct violated the statute given that my husband never represented the Florida company and could not represent that company since he is not and never has been licensed in Florida, and 2) I have been advised that the entire matter is under review for potential reversal given the government's conduct and my status as a whistleblower. I am happy to provide more information as necessary. This information was timely reported by me to both the Alabama and Florida Bars who conducted extensive investigations into the matter. Additionally, I have been admitted to the Southern District of Florida and have been admitted *pro hac vice* in other courts in other jurisdictions since these events.

4. I certify that I have reviewed the Seventh Circuit Standards of Professional Conduct and the Local Rules of the court, including the Rules of Disciplinary Enforcement, and will abide by these rules.

5. My partner, Mark Juba, who is a member of the Indiana State Bar (Indiana Bar No. 24254-71), will be local counsel for this matter.

6. The administrative fees required to process this motion for admission pro hac vice will be paid to the Clerk of this Court via pay.gov at the time of filing this motion.

WHEREFORE, the undersigned counsel respectfully requests that this Court enter an Order granting leave to appear pro hac vice for purposes of this cause only.

Dated: May 7, 2025

Respectfully Submitted,

/s/ *Kathryn W. Drey*
Kathryn W. Drey, Esq.
Alabama Bar No. 9515E59K
Florida Bar No. 142492
Gaines, Goodspeed & Juba PC
2201 Spinks Road, Suite 208
Flower Mound, TX 75022
dustin@mychurchlawfirm.com
Telephone: (469) 300-8696

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, a copy of the foregoing *Motion of Kathryn W. Drey, Esq. to Appear Pro Hac Vice on Behalf of Defendants* was filed electronically. Notice of this filing will be sent to all counsel of records and/or parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ Kathryn W. Drey*
Kathryn W. Drey, Esq.
